PER 18 U.S.C. 3170

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☑ INFORMATION  ☐ INDICTMENT

Matter Sealed: ☐ Juvenile  ☐ Other than Juvenile
☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
☐ Indictment  ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT  
DISTRICT OF  Northern California (SF)  
Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: Melinda Haag
☐ U.S. Atty  ☐ Other U.S. Agency
Phone No.

Name of Asst. U.S. Attorney (if assigned): Doug Sprague

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.

MAG. JUDGE CASE NO.

Place of offense _____ County _____

CASE NO.

USA vs. Defendant: Kurt S. Hovan

FILED 2011 SEP 28 E-filing
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CR 11 0699 RS

Address: _____

☐ Interpreter Required  Dialect: ____

Birth Date ____  ☑ Male  ☐ Alien
 ☐ Female  (if applicable)

Social Security Number ____

**DEFENDANT**

Issue: ☐ Warrant  ☐ Summons

Location Status:
Arrest Date ____ or Date Transferred to Federal Custody ____

☐ Currently in Federal Custody
☐ Currently in State Custody
  ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): Miles Ehrlich
☐ FPD  ☐ CJA  ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

**OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS**

Total # of Counts 2

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
|  | 18 U.S.C. Sec.1341; max. penalties: 20 yrs.(4) | Mail Fraud | 1 |
|  | prison; $250,000 fine; 5 yrs. TSR; $100 S.A. |  |  |
|  | 18 U.S.C. Sec. 1505; max. penalties: 5 yrs.(4) | Obstruction | 1 |
|  | prison; $250,000 fine; 3 yrs. TSR; $100 S.A. |  |  |

MELINDA HAAG (CABN 132612)
United States Attorney

FILED
2011 SEP 28 A 9:28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11 0699 RS |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 1341 – Mail Fraud |
| | 18 U.S.C. § 1505 – Obstruction |
| KURT S. HOVAN, | |
| Defendant. | SAN FRANCISCO VENUE |

INFORMATION

The United States Attorney charges:

Introductory Allegations

1. Hovan Capital Management, LLC (HCM), was registered with the Securities and Exchange Commission (SEC) as an investment adviser under the Investment Advisers Act of 1940. Among other services, HCM provided investment supervisory services to hedge funds, mutual funds, and advisory clients. HCM's principal place of business was in Belvedere, California.

2. Kurt S. Hovan (HOVAN) was the President and Chief Investment Officer of HCM. HOVAN's brother, E.J.H., Jr. (E.J.H.), was the Executive Vice President and Portfolio Manager of HCM.

3. HCM was the general partner of a hedge "fund of funds" in which capital was

INFORMATION

allocated among experienced portfolio managers to achieve market-neutral exposure for the overall portfolio. As a registered investment adviser and the general partner of this fund, HCM owed a fiduciary duty to HCM's clients. More specifically, HCM and HOVAN were required to act in good faith and in the best interests of HCM's clients and limited partners, to make full and fair disclosure of all material facts bearing on the investment adviser relationship between HCM and its clients and limited partners, and to exercise reasonable care to avoid misleading its clients and limited partners.

4. HCM had "soft dollar" accounts at brokerage firms JPMorganChase and Lighthouse Financial Group. "Soft dollars" are rebates, or credits, from a brokerage firm on commissions generated by trades in the accounts of the brokerage firms' investment adviser clients, such as HCM. The investment adviser is permitted to use those accumulated "soft dollars" to pay for reasonable research or brokerage services that provide the investment adviser with lawful assistance in its investment decisions, and the investment adviser must disclose how it uses soft dollars. Investment advisers are prohibited from using soft dollars to pay for rent, office equipment, and computer hardware, among other prohibited uses. HOVAN was aware of the permitted and prohibited uses of soft dollars and assured clients and regulators that HCM was using soft dollars appropriately and for the benefit of HCM's clients. As set forth below, however, HOVAN knowingly and intentionally misappropriated thousands of dollars worth of soft dollar credits, without disclosure, and used that money to pay for expressly prohibited purposes and for HCM's benefit instead of its clients' benefit.

5. Bolton Research, LLC (Bolton), was a Connecticut company formed in approximately October 2008 and dissolved in approximately November 2010. It purported to provide "consulting to healthcare investment vehicles." In truth, however, Bolton was merely a corporate shell and the alter ego of HOVAN's brother, E.J.H.

### The Scheme to Defraud

6. In or about late August 2008, HOVAN hired E.J.H. and assigned him the title of Executive Vice President & Portfolio Manager at HCM. Shortly thereafter, HOVAN caused Bolton to be formed at least in part to conceal from HCM's brokerage firms and clients that soft

INFORMATION 2

1  dollar payments would be used for HCM's benefit, including to pay HCM's rent. After Bolton
2  was formed, HCM submitted invoices to brokerage firms requesting that those firms pay Bolton
3  using HCM's accumulated soft dollars. As justification for these payments, HCM and HOVAN
4  falsely claimed to the brokerage firms that Bolton's invoices reflected only charges for
5  independent research Bolton had conducted. As a result, from November 2008 through August
6  2009, HCM's brokerage firms used HCM's soft dollars to pay Bolton tens of thousands of
7  dollars. After receiving these funds, E.J.H. paid $6,500 each month to cover HCM's rent for the
8  same months, November 2008 through August 2009.
9      7.   In January 2010, the SEC asked HCM and defendant HOVAN to provide
10 documentation of the purported independent research Bolton had conducted and provided to
11 HCM. In response, HOVAN created false and misleading documents and produced them to the
12 SEC. HOVAN created these documents to falsely reflect that Bolton had conducted significant
13 independent research and had prepared several reports summarizing that research, and that
14 Bolton had done so at a time coinciding with the monthly soft dollar payments from the
15 brokerage firms to Bolton.
16     8.   On February 16-17, 2010, the SEC took HOVAN's deposition. During that
17 deposition, HOVAN falsely stated, among other things, that he did not create the false and
18 misleading Bolton "research" documents that were produced to the SEC during its investigation.
19 **COUNT ONE**:    (18 U.S.C. § 1341 – Mail Fraud)
20     9.   Paragraphs 1-8 are realleged and hereby reincorporated as if fully set forth herein.
21     10.  On or about July 1, 2009, in the Northern District of California and elsewhere, the
22 defendant,
23                    KURT S. HOVAN,
24 having devised and intended to devise a material scheme and artifice to defraud, and to obtain
25 money by means of false and fraudulent pretenses, representations, and promises, and by material
26 omissions, did in furtherance of that scheme knowingly cause to be deposited matters to be sent
27 from Connecticut to the Northern District of California and delivered by mail and by private and
28 commercial interstate carrier, namely, a check for $6,500 payable to Belvedere Land Co., in

INFORMATION                          3

1 | violation of Title 18, United States Code, Section 1341.

2 | **COUNT TWO**: (18 U.S.C. § 1505 – Obstruction)

3 |     11. Paragraphs 1-8 are realleged and hereby reincorporated as if fully set forth herein.

4 |     12. On February 16 and 17, 2010, in the Northern District of California, the defendant,

KURT S. HOVAN,

did corruptly influence, obstruct, and impede, and did endeavor to influence, obstruct, and impede, the due and proper administration of the law under which a pending proceeding was being had before a department or agency of the United States, namely, the Securities and Exchange Commission, in violation of Title 18, United States Code, Section 1505.

DATED: September 28, 2011

MELINDA HAAG
United States Attorney

MIRANDA KANE (Stretch for Kane)
Chief, Criminal Division

(Approved as to form: _____ )
AUSA Sprague

INFORMATION      4